UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-------------------------------------------------------------------X

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                                  Plaintiff,

                    -against-

ADAM A. KAPLAN and DANIEL E. KAPLAN,

                                Defendants.

-------------------------------------------------------------------X

**<u>ORDER</u>**

23-CV-1648 (JMA) (ARL)

**FILED
CLERK**

10:13 am, Oct 31, 2023

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Currently pending before the Court is a motion filed by the United States ("the Government") to intervene and to stay this action. For the reasons stated below, the Court grants the Government's motion. Accordingly, this action is stayed until the related criminal proceedings are complete.

**A. <u>BACKGROUND</u>**

      On March 3, 2023, the Securities and Exchange Commission ("SEC") filed the instant action (the "Civil Action") against Defendants Adam Kaplan and Daniel Kaplan (collectively "Defendants"). The SEC's complaint alleges that the Kaplans engaged in fraudulent activities to misappropriate more than $5 million from at least 60 investment advisory clients.

      On July 18, 2023, a federal grand jury returned an indictment charging defendants with, <u>inter alia</u>, wire fraud, investment advisory fraud, and money laundering—stemming from the same fraudulent conduct that is alleged in the SEC complaint. <u>United States v. Kaplan</u>, 23-cr-00293-JMA-JMW (the "Criminal Case"). The indictment was unsealed on July 25, 2023. There is also a related, ongoing, grand jury investigation.

      Shortly after answering the SEC's complaint, Plaintiff sought to subpoena various third parties to obtain paper discovery and depositions. Defendants' efforts to obtain discovery from

the SEC and third-parties in the Civil Action continued after Defendants' indictment in the Criminal Case.  On September 6, 2023, Magistrate Judge Lindsay held an initial conference in the Civil Action.  The next day, the Government filed the instant motion seeking intervention and a stay of the Civil Action until the Criminal Case is complete.

The Court temporarily stayed all discovery in the Civil Action until the Government's motion was fully briefed and decided.

In their opposition papers, Defendants assert that only a limited stay is appropriate given the "document discovery to date, the projected additional discovery, the applicable time period of relevant facts dating back several years, and the likelihood of extensive pretrial motion practice in the criminal matter." (Defs.' Opp'n Mem. at 1.)  Specifically, Defendants propose "that document discovery and depositions of other individuals and entities shall proceed on the condition that government counsel be allowed to attend and participate in such depositions if they wish, with the government preserving the right to seek relief from this Court if any scheduled depositions or other discovery threaten to materially prejudice the criminal proceeding."  (Id. (emphasis added)).

## B. **DISCUSSION**

### 1. **Intervention**

The Government seeks to intervene in this action, arguing that it may do so as a matter of right.  Alternatively, the Government asserts that the Court should allow it to intervene on a permissive basis.  Defendants do not oppose United States' motion to intervene.

The Court grants the Government's motion, finding that the United States' intervention is appropriate both as a matter of right and, in the alternative, as an exercise of the Court's discretion.  See Sec. & Exch. Comm'n v. Javice, No. 23-CV-2795, 2023 WL 4073797, at *3 (S.D.N.Y. June 20, 2023).

2

**2. Stay of the Civil Action**

**a. Standard**

In this Circuit, district courts often look to the following factors in determining whether to

stay a civil case when there is parallel criminal proceeding:

> 1) the extent to which the issues in the criminal case overlap with those presented
> in the civil case; 2) the status of the case, including whether the defendants have
> been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously
> weighed against the prejudice to plaintiffs caused by the delay; 4) the private
> interests of and burden on the defendants; 5) the interests of the courts; and 6) the
> public interest.

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) (quoting Trustees

of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139

(S.D.N.Y. 1995)).

These factors, however, "do no more than act as a rough guide for the district court as it

exercises its discretion." Id. These factors "are not mechanical devices for churning out correct

results in overlapping civil and federal proceedings, replacing the district court's studied judgment

as to whether the civil action should be stayed based on the particular facts before it and the extent

to which such a stay would work a hardship, inequity, or injustice to a party, the public or the

court." Id. While the Court's focus is on the individual cases before it, it is notable that district

courts often find, when faced with similar circumstances, that these factors weigh in favor a stay.

See., e.g., Javice, 2023 WL 4073797, at *3 (S.D.N.Y. June 20, 2023); SEC v. Shkreli, No. 15-CV-

7175 (KAM) (RML), 2016 U.S. Dist. LEXIS 36734, at *19-20 (E.D.N.Y. Mar. 22, 2016) (finding

that the relevant factors "overwhelmingly favor[ed] a stay" given "the substantial overlap of the

issues in the two actions; the post-indictment status of the criminal case; the SEC's lack of

opposition to the government's proposed stay; the court's interest in the efficient resolution of the

two proceedings; and the strong public interest in vindication of the criminal law all weigh in favor

of a stay of the SEC's civil action").

### b. Analysis

The first two factors weigh in favor of a stay.  Defendants have been indicted and the issues

in the Civil Action and the Criminal Case overlap substantially given the similarity in the

allegations.  As the SEC has not taken a position on the stay request, the third factor—which

concerns prejudice to the plaintiff—is neutral.

Alleged prejudice to Defendants impacts the fourth factor; namely, the private interests of

and burden on the defendants.  Potential prejudice to the Government is relevant to the sixth factor,

which concerns the public interest.  Defendants maintain that they will be prejudiced by a complete

stay and that the Government has not established that it will be prejudiced by the limited stay

sought by Defendants.  The Court disagrees.

The potential prejudice to the Government weighs in favor of a stay.  "The principal concern with

respect to prejudicing the government's criminal investigation is that its targets might abuse civil

discovery to circumvent limitations on discovery in criminal cases."  S.E.C. v. Beacon Hill Asset

Mgmt. LLC., No. 02 CIV. 8855, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (substantially

limiting discovery during pre-indictment grand jury investigation).  The record here indicates that

Defendants seek to use the Civil Action to avoid the limitations on criminal discovery.  Defendants

have, inter alia, requested interview notes from FBI agents and contact information for all

witnesses, and attempted to subpoena victims shortly after the indictment was unsealed.[1]

Defendants assert that the concerns which animate the timing and more limited scope of

discovery in criminal cases are not relevant here.  Defendants maintain that, given the SEC and

---

[1]  Under the limited stay proposed by Defendants, they could pursue this discovery while shielding themselves from
similar discovery by the SEC.  Defendants' proposed stay would not even require them to invoke the Fifth Amendment
because, under Defendants' proposal, the SEC would not be permitted to depose Defendants until the Criminal Action
is concluded.

grand jury investigations and the fact that this is a white-collar case, there is little risk of manufactured evidence, perjury, or witness intimidation in this case.  The Court is not persuaded, particularly given the specific allegations in this case where, inter alia, the Government alleges that Defendants previously created fictitious agreements and forged victim's signatures. (Indictment ¶ 20.)  There is also a risk that Defendants—who allegedly made payments to appease certain victims after they complained about missing funds or unauthorized withdrawals—could, after obtaining information about the victims, make further attempts to repay more of the victims to influence their cooperation.  The Court has legitimate concerns that the Government will be prejudiced and that the integrity of the criminal proceeding will be compromised if Defendants can obtain civil discovery during the pendency of the Criminal Case.

The Government would also be prejudiced, in other respects, by the limited stay sought by Defendants.  Defendants' proposal would require the Government—while preparing for the criminal trial—to engage in time-consuming collateral litigation about discovery in the Civil Action.  Such litigation could also require the Government to disclose its strategy before the criminal trial.

Defendants also claim that a complete stay would prejudice them.  The Court does not find that Defendants' claims of prejudice warrant a more limited stay here.  The alleged reputational harm that Defendants are suffering by having unresolved allegations of fraud pending against them would still exist given the pending criminal case.  See Javice, 2023 WL 4073797, at *5.  Moreover, the limited stay proposed by Defendants would, in any event, preclude resolution of the Civil Action until the completion of the Criminal Case.

The Court also finds that Defendants' defense of the Civil Action will not be prejudiced by a complete stay.  First, Defendants will also receive discovery in the Criminal Case that will, even

with a complete stay, allow them to prepare for the Civil Action during the pending of the Criminal Case.  The first status conference before this Court in the Criminal Case is scheduled for November 8, 2023.  Defendants have already received over 44,000 pages of discovery.  (See Gov't Oct 27, 2023 Ltr., United States v. Kaplan, 23-cr-293, ECF No. 41.)  Defendants will, assuredly, receive substantial discovery in the Criminal Case that they can use to prepare for a defense of the Civil Action.  Second, Defendants' arguments that they need to preserve witnesses' recollections of events do not warrant a stay here.  Many potential witnesses have likely already been interviewed by the Government or the SEC and there are likely interview notes or summaries from many such interviews.  Defendants will likely obtain those documents eventually in either the Criminal Case or in the Civil Action after a stay is lifted.  Many relevant witnesses will also be called at the criminal trial, which will preserve their testimony.  It is not necessary to subject potential witnesses to depositions at this time.

To the extent that Defendants are suggesting that a stay of the Civil Action will prejudice them in the Criminal Case, their "interest in using the tools of civil discovery to advantage [them] in the criminal case is not one which the law recognizes; [Defendants do] not have a right to use the tools of civil discovery for the purpose of defending [themselves] in the criminal case." Javice, 2023 WL 4073797, at *6.

The final factors—the interest of the courts and the public interest— weigh in favor a complete stay.  If Defendants are convicted in the Criminal Case, a trial or extensive litigation in the Civil Action may no longer be necessary.  While Defendants are presumed innocent, that presumption does not require the Court to ignore the fact that, if convicted, issue preclusion will likely bar Defendants from relitigating the critical issues in the Civil Action.  See Javice, 2023 WL 4073797, at *7.  Moreover, even if Defendants are not convicted "proceedings in the criminal case

will no doubt be helpful in clarifying the issues between the parties and more quickly bringing [the Civil Action] to conclusion." Id.

As for the public interest, the Court has already addressed potential prejudice to the Government.  It is in the public interest to ensure the integrity of the criminal trial and to ensure that the limitations on criminal discovery are not circumvented.  While there is also a public interest in a prompt resolution of the Civil Action, the Court finds that this factor still heavily weighs in favor of a complete stay here.

While some district courts cited by Defendants have granted more limited stays, the Court is not persuaded by those cases or Defendants' proposal for a limited stay.  The Court finds, given all the circumstances here, that a complete stay of the Civil Action is warranted.

Finally, Defendants ask, in the alternative, that they "be allowed to complete their enforcement of third-party document subpoenas issued to several different entities to ensure that critical documents and information are preserved" and "be permitted to continue to receive documents that the SEC obtains during its concurrent investigation relating to the Kaplans, as well as transcripts of investigative testimony." (Defs.' Opp'n Mem. at 8.)  Those requests are denied. The third parties that have received these subpoenas are surely aware that the documents which are the subject of the subpoenas must be preserved pursuant to a routine litigation hold.  The documents from the SEC will also be preserved and, if not disclosed during the Criminal Case, can be sought in the Civil Action once the stay is lifted.[2]

---

[2]  In arguing that, at the very least, document discovery should be allowed to proceed, Defendants stress that the Government waited until more than a month after the criminal indictment to request a stay.  Defendants suggest that this delay indicates that the Government will not be prejudiced by discovery in the Civil Action.  While the Government could have filed this motion sooner, the approximately one-month delay was not significant.  Notably, the Government moved for the stay immediately after the initial conference before Magistrate Judge Lindsay.

C.  **CONCLUSION**

For the reasons set out above, the Court grants the Government's Motion to Intervene and Motion for a Stay.  The Civil Action is hereby stayed, in its entirety, until the completion of the Criminal Case.

**SO ORDERED.**

Dated:  October 31, 2023
Central Islip, New York

_____/s/___(JMA)_____

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE